UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDON SANTIAGO, individually and on behalf of all others similarly situated,** ) ) ) | |
| ) | **Case No.:** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **VILLAGE OF VILLA PARK, ILLINOIS** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff BRANDON SANTIAGO ("Santiago"), on behalf of himself and others similarly situated (collectively "Firefighters"), by and through his attorney, Brian D. Massatt, brings this lawsuit against the VILLAGE OF VILLA PARK, ILLINOIS ("Defendant" or "Villa Park") for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). In support, Santiago alleges as follows:

**INTRODUCTION**

1. Santiago brings this action under the FLSA for unpaid overtime wages.

2. Santiago and the other Firefighters worked as firefighters for Villa Park.

3. Santiago and the other Firefighters earned overtime wages by working over the maximum hours allowed under the FLSA.

4. Villa Park failed to pay one and one-half the FLSA regular rate of pay for Santiago and the other firefighters for overtime worked on their regularly scheduled shifts.

5. Villa Park also failed to include all required remuneration, when calculating and paying the FLSA regular rate of pay for overtime for Santiago and the other Firefighters when they worked outside of their regularly scheduled shifts.

1

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331.

7. Venue is proper in this Court as all Firefighters and Defendant reside and transacted business within the Northern District of Illinois.

**PARTIES**

8. Defendant, Villa Park is a public agency.

9. Defendant is an enterprise engaged in commerce as defined under 29 U.S.C. § 203(s)(1)(C).

10. At all relevant times Villa Park employed Santiago and the other Firefighters to provide fire protection and emergency medical services.

11. At all relevant times, Santiago and the other Firefighters were subject to the same payroll and work policies of Defendant, Villa Park.

12. At all relevant times, Santiago and the other Firefighters resided within the Northern District of Illinois.

**FACTS**

SCHEDULED OVERTIME

13. Villa Park employed Santiago and other Firefighters to provide fire and emergency medical service protection on 24-hour shifts.

14. Villa Park scheduled Santiago and the other Firefighters to work 24-hours on duty and 48-hours off duty.

15. Villa Park instituted a 21-day FLSA work period for Santiago and the other Firefighters.

16. Under the FLSA, for employees engaged in fire protection, work exceeding 159 hours in a 21-day work period must be paid at one and one-half times the regular rate.

17.     During the relevant time period, Santiago and the other Firefighters worked over 159 hours in a 21-day work period.

18.     When Santiago and the Firefighters worked every scheduled shift in a 21-day work period, they worked at least 168 hours.

19.     Villa Park did not pay Santiago and other firefighters one and one-half times their regular rate of pay for the scheduled hours worked over 159 hours in the 21-day work periods.

20.     During the relevant time period, Santiago and other firefighters occasionally also worked an extra shift on their scheduled days off duty.

21.     When Santiago or the other Firefighters worked an extra shift on their day off duty, Villa Park paid them at a rate of one and one=half times their base hourly rate.

22.     When calculating overtime rates for Santiago and other Firefighters, Villa Park failed to include all remuneration as required under the FLSA.

IN LIEU PAY

23.     Villa Park failed to include annual lump sum payments made in lieu of holiday pay in the overtime rate.

24.     Villa Park paid Santiago and the other Firefighters an annual lump-sum payment that was made in lieu of holiday pay ("In Lieu Pay").

25.     Villa Park did not give Santiago or the other Firefighters scheduled duty days off work due to a holiday.

26.     Villa Park paid Santiago and the Firefighters the annual lump-sum In Lieu Pay regardless of whether they worked on the holiday or not.

27. Villa Park did not include the In Lieu Pay in the FLSA regular rate for overtime for Santiago or the Firefighters.

SICK LEAVE BUY-BACK

28. Upon termination, Villa Park paid Santiago $2,378.40 for unused Sick Leave.

29. Villa Park did not include the unused sick leave in the FLSA regular rate for overtime for Santiago.

LONGEVITY PAY

30. Villa Park paid some Firefighters annual lump-sum longevity pay payments ("Longevity Pay").

31. Villa Park did not include the Longevity Pay in the FLSA regular rate for overtime for any Firefighters.

ACTING PAY

32. Villa Park paid some Firefighters additional pay for acting in a higher rank ("Acting Pay").

33. Villa Park did not include acting pay in the FLSA regular rate for overtime for any Firefighters.

**FLSA COLLECTIVE ACTION**

34. Villa Park pays Santiago and the Firefighters under the same payroll policies.

35. Villa Park assigned Santiago and the Firefighters to work similar scheduled shifts.

36. Villa Park put Santiago and the other Firefighters on similar 21-day work periods.

37. Resolution of Villa Park's failure to properly pay Santiago and the Firefighters overtime is best resolved collectively.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) Certification of this action as a FLSA collective action under 29 U.S.C. § 216(b);

(b) A declaratory judgment that Defendants violated the maximum hours provisions of the FLSA, 29 U.S.C. § 207;

(c) A declaratory judgment that Defendants' FLSA violations were willful;

(d) An award to plaintiffs of an amount equal to the unpaid overtime wages to be determined at trial;

(e) An award of an equal amount as liquidated damages shown to be owed under the FLSA;

(f) An award to Plaintiffs of reasonable costs and attorney fees; and

(g) An award of such other relief as this Court deems just.

                    Submitted on behalf of Plaintiffs

                    BRANDON SANTIAGO

                    By: /s/ Brian D. Massatt
                          Attorney for Plaintiffs

August 31, 2018

Brian D. Massatt
Law Office of Brian D. Massatt
8824 Glenshire Street
Tinley Park, Illinois 60487
(815) 685-4192